UNITED STATES v. MITCHELL et al.

*District Court, W. D. Pennsylvania.*    October 24, 1888.

POST-OFFICE—USE OF MAILS TO DEFRAUD.

For the purpose of deceiving an accident insurance company as to the date of the remittance of a sum of money necessary to save from forfeiture the certificate of one of the defendants, and to promote the allowance of his claim to indemnity, lost by the failure to remit in time, the defendants changed the date of the mailing stamp in the post-office where the letter was mailed, and stamped the letter with a false post-mark date, so as to give it the appearance of having been mailed several days sooner than it really was. *Held,* that the case was not within the intendment of section 5480, Rev. St., relating to schemes to defraud, to be effected by opening correspondence by mail, etc.[1]

On Demurrer to Indictment.

*M. F. Elliott,* for demurrer.

*The United States Attorney, contra.*

ACHESON, J.    This indictment is under section 5480, Rev. St., which provides as follows:

"If any person, having devised or intending to devise any scheme or artifice to defraud, or [to] be effected by either opening or intending to open correspondence or communication with any other person  *  *  *  by means of the post-office establishment of the United States, or by inciting such other person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice, or attempting so to do, place any letter or packet in any post-office of the United States, or take or receive any therefrom, such person so misusing the post-office establishment shall be punishable.  *  *  *"

Discarding verbiage, the substantial facts to be extracted from the indictment are these: Austin Mitchell, one of the defendants, being the holder of a certificate of membership in the Guaranty Mutual Accident Association of the City of New York, received an assessment notice in writing, requiring him to pay to the association three dollars on or before April 19, 1887; in default of which payment his right to future indemnity would be lost. He neglected to comply with the requirement of the notice, and thus forfeited his rights. He subsequently set up a claim against the association for indemnity for an alleged accident happening to him shortly after April 19, 1887, and in furtherance of this claim inclosed the aforesaid assessment notice, with three dollars, in an envelope addressed to the said association at New York city. This letter was mailed at Millerton, Pa., on April 27, 1887; but in order to deceive the officers of said association, and induce them to believe that it had been mailed in due time, the defendants changed the date of the mailing stamp of the post-office at Millerton, by taking out the figures 27, and inserting 15, and stamped the envelope with the date, April 15, 1887, instead of the true date, April 27, 1887. While not expressly alleged in the indictment, the fact was stated by the district attorney at

---

[1] As to what constitutes the offense of using the mails to defraud, under Rev. St. U. S. § 5480, see U. S. v. Watson, 35 Fed. Rep. 358, and note.

the argument that one of the defendants was an employe in the post-office at Millerton.

Does section 5480 cover the case? I confess that the question has been to me one of some difficulty, but I have finally reached the negative conclusion. A careful study of the language employed has convinced me that it was not intended that this section should embrace every case where a letter promotive of, or connected with, a fraudulent design, may be sent through the post-office by the person engaged in or contemplating the fraud. As was said in *Brand* v. *U. S.*, 4 Fed. Rep. 395, the scheme to defraud within the meaning of said section is one which is to be effected by the deviser of it opening a correspondence by mail, or by inciting some one else to open such correspondence with him. To constitute the statutory offense, then, something more is necessary than the mere sending through the mail of a letter forming part, or designed to aid in the perpetration, of a fraud. The scope of the section was considered in *U. S.* v. *Owens*, 17 Fed. Rep. 72, 74, by Judge TREAT, who there said:

"It appears to the court that the act was designed to strike at common schemes of fraud, whereby, through the post-office, circulars, etc., are distributed, generally to entrap and defraud the unwary; and not the supervision of commercial correspondence solely between a debtor and creditor."

And as showing that such was the true interpretation, a pertinent reference was made to the concluding clause of the section, which provides that the indictment may charge offenses to the number of three, when committed within the same six calendar months; but the court shall give a single sentence, apportioning the punishment especially to the degree in which the abuse of the post-office establishment enters as an instrument in the fraudulent scheme. It will be perceived that the statutory offense is complete when the letter is placed in the post-office. But in the case in hand the fraudulent act was committed after the letter had been placed in the post-office, and consisted in the misuse of the mailing stamp, whereby a false date was given to the post-mark. A penal statute is not to be extended by construction so as to take in doubtful cases. Whatever is not plainly within its provisions should be regarded as without its intendment. The demurrer is sustained.